IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

MARCELYN POWELL                                                                                    PLAINTIFF

vs.                                          Civil No. 2:21-cv-02056

COMMISSIONER, SOCIAL                                                                          DEFENDANT
SECURITY ADMINISTRATION

## MEMORANDUM OPINION

Marcelyn Powell ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings.  ECF No. 7.[1]  Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability applications on February 3, 2017.  (Tr. 15).  In these applications, Plaintiff alleges being disabled due to back pain, obesity, "failed back syndrome," insomnia, anxiety, depression, and high blood pressure.  (Tr. 290).  Plaintiff alleges

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 11.  These references are to the page number of the transcript itself not the ECF page number.

1

an onset date of March 31, 2016. (Tr. 15). These applications were denied initially on January 23, 2019, and again upon reconsideration on April 9, 2019. *Id.*

Plaintiff then requested an administrative hearing, and this hearing request was granted. (Tr. 62-106). Plaintiff's administrative hearing was held on February 4, 2020 in Fort Smith, Arkansas. *Id.* Plaintiff, Plaintiff's father, and Vocational Expert ("VE") Katrina Davis-Mason testified. *Id.* Plaintiff testified she was forty-three (43) years old, which is defined as a "younger individual" under 20 C.F.R. § 404.1563(c) (2008), and she has a bachelor's degree in business. (Tr. 67-68).

On August 18, 2020, after the administrative hearing, the ALJ entered a fully unfavorable decision denying Plaintiff's applications. (Tr. 12-33). The ALJ determined Plaintiff met the insured status requirements of the Act through December 31, 2021. (Tr. 17, Finding 1). The ALJ determined Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since March 31, 2016, her alleged onset date. (Tr. 17, Finding 2). The ALJ determined Plaintiff had the following severe impairments: spine disorders, essential hypertension, neurocognitive disorders, depressive disorder, obesity, and failed back surgery. (Tr. 17-18, Finding 3). Despite being severe, the ALJ also determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 18-20, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 20-31, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally climb

>ramps and stairs but never climb ladders, ropes and scaffolds. She can occasionally balance, stoop, kneel, crouch and crawl. The claimant is able to perform work where interpersonal contact is incidental to the work performed; complexity of tasks is learned and performed by rote, few variables, little judgment; supervision required is simple, direct and concrete. The claimant will need to use a cane or walker on a frequent basis.

*Id.*

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW"). (Tr. 31, Finding 6). Based upon her RFC, the ALJ determined Plaintiff did not retain the capacity to perform her PRW. *Id.* The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 32-33, Finding 10). Considering her RFC, age, education, and work experience, the ALJ determined Plaintiff retained the capacity to perform the following occupations existing in significant numbers in the national economy: (1) document specialist (sedentary, unskilled) with approximately 200,000 such jobs in the nation; (2) touch up screener (sedentary, unskilled) with approximately 50,000 such jobs in the nation; and (3) electronics worker (sedentary, unskilled) with approximately 40,000 such jobs in the nation. (Tr. 32).

Because Plaintiff retained the capacity to perform this other work existing in significant numbers in the national economy, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from March 31, 2016 through the date of his decision or through August 18, 2020. (Tr. 33, Finding 11). Plaintiff requested the Appeals Council's review of the ALJ unfavorable disability determination. On January 26, 2021, the Appeals Council declined to review the ALJ's disability determination. (Tr. 1-6). On March 10, 2020, Plaintiff filed the present appeal. ECF No. 1. The Parties consented to the jurisdiction of this Court on March 15, 2021. ECF No. 7. This case is now ready for decision.

**2.      Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *See* 42 U.S.C. § 405(g) (2010);  *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently.  *See Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001).  If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *See Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity.  *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998);  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).  The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. §§ 423(d)(3), 1382(3)(c).  A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months.  *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.    Discussion:**

In her appeal brief, Plaintiff claims the ALJ's mental and physical RFC determinations are not supported by substantial evidence in the record. ECF No. 13. The SSA disputes these claims and argues both determinations are supported by substantial evidence in the record. ECF No. 14. The SSA claims this case should be affirmed. *Id.* The Court will address the issues of Plaintiff's mental RFC and physical RFC separately.

**A.  Mental RFC Determination**

Plaintiff claims the ALJ did not properly address her mental limitations when he assessed her RFC. ECF No. 14 at 7-10. In making this argument, Plaintiff claims she suffers from memory loss and cognitive issues that cause her to be unable to work. Plaintiff, however, cites no supporting medical evidence or opinion evidence to support those claims. *See* ECF No. 13.

Upon a careful review of the record, the longitudinal medical evidence showed Plaintiff had intact cognition, concentration, attention span, and recent and remote memory. (Tr. 418, 423, 432, 438, 447, 467, 466, 472, 705). Records from Plaintiff's treating physician likewise support the ALJ's mental RFC finding and refute Plaintiff's claim of marked limitations. *See McNamara v. Astrue,* 590 F.3d 607, 612 (8th Cir. 2010) (holding the claimant had the burden to prove work-related limitations not included in the RFC finding). Thus, the Court cannot find a basis for reversal on this issue.

### B. Physical RFC Determination

Plaintiff also claims the ALJ erred in assessing her physical RFC. ECF No. 13 at 1-5. Plaintiff claims that, due to her physical impairment, she is unable to engage in gainful activity on a day-in and day-out basis. *Id.* Upon review of the record in this case, however, the Court finds substantial evidence to support the ALJ's physical RFC determination.

Indeed, the ALJ found Plaintiff's RFC included the limitation that Plaintiff could perform a limited range of sedentary work and "will need to use a cane or walker on a frequent basis." (Tr. 20-31, Finding 5). Such a finding is supported by the records in this case. In April of 2016, Plaintiff was found to have a slow gait and used a cane but had no neurological deficits. (Tr. 21, 476). In July, September, and October of 2016, Plaintiff's extremities exam was normal, Plaintiff had no neurological deficits, and Plaintiff required the use of a cane. (Tr. 466, 469, 472).

In August of 2017, Plaintiff had a slow gait, diffuse severe lumbar tenderness, a normal range of motion, normal muscle strength, and no neurological deficits. (Tr. 22, 570). In April of 2018, musculoskeletal and neurological exams were normal. (Tr. 589). In February, April, May, and June of 2020, cervical and thoracic exams were normal, Plaintiff used a cane for support, and a lumbar examination showed some pain, tenderness to palpitation, and a reduced range of motion.

(Tr. 27, 1171-1172, 1176-1177, 1180-1181, 1185-1186). The ALJ properly relied on the totality of these medical records to determine Plaintiff's RFC, and the Court finds Plaintiff has offered no basis for reversal on this issue. *See, e.g., Despain v. Berryhill,* 926 F.3d 1024, 1028 (8th Cir. 2019) (affirming the ALJ's evaluation of the claimant's RFC where it was supported by a thorough evaluation of Plaintiff's medical records, daily activities, and other evidence in the record).

**4.     Conclusion:**

Based on the foregoing, the undersigned finds the ALJ's disability determination is supported by substantial evidence in the record and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 20th day of August 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE